IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCIANO MENDEZ-MAYA,

        Petitioner,        3:12-cv-1595-TC

        v.        FINDINGS AND
                RECOMMENDATION
MARYANNE FEATHERS,

        Respondent.

COFFIN, Magistrate Judge.

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons housed at FCI Sheridan, filed a petition under 28 U.S.C. § 2241 challenging his 2008 conviction in the Western District of Washington on one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841.

    Respondent now moves the court to dismiss the petition or in the alternative to transfer the petition to the Western

1 - FINDINGS AND RECOMMENDATION

District of Washington. Response (#9).

Petitioner previously filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. Response (#9), Exhibit 3. The sentencing court denied the petition and declined to issue a certificate of appealability. Id., Exhibit 4.

In the petition before the court, petitioner seeks § 2241 habeas review of his conviction pursuant to the § 2255 "escape hatch" clause on the ground that he is "actually innocent" and that § 2255 habeas review has been "inadequate or ineffective to test the legality of his detention." Specifically, petitioner alleges that his trial counsel was ineffective because he did not seek the suppression of evidence that was allegedly obtained with an illegal warrant in violation of his 4th Amendment rights. Petition (#1) p. 4-6.

A federal inmate may challenge his sentence under 28 U.S.C. § 2241 or 8 U.S.C. § 2255. A § 2241 petition generally challenges the *execution* of a sentence such as the "manner, location, or condition" of confinement. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Under 28 U.S.C. § 2255, a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence," *ie*, challenge the *imposition* of the sentence.

Generally, motions to contest the legality of a sentence

2 - FINDINGS AND RECOMMENDATION

must be filed under § 2255. Hernandez, 204 F.3d at 864. The exception to this rule arises when § 2255 is held to be "inadequate or ineffective to test the legality of [the inmate's] detention." 28 U.S.C. § 2255(e); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). This exception is known as the "escape hatch" or the "savings clause" provision under § 2255, and allows the inmate to challenge the imposition of his sentence under § 2241. Hernandez, 204 F.3d at 864 n. 2.

The reviewing court must first conduct an analysis of whether a § 2241 escape hatch petition has been properly filed by determining whether the petitioner has established: 1.) that he is "actually innocent," and 2.) that he has not had an "unobstructed procedural shot" at presenting his claims to the sentencing court. Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citing Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006). Unless a petitioner can meet these two requirements for § 2241 escape hatch jurisdiction, he must challenge the legality of his conviction or sentence through a § 2255 motion in the sentencing court.

In the Ninth Circuit, the "actual innocence" analysis of the § 2255 escape hatch analysis requires a petitioner to show that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth, 676

3 - FINDINGS AND RECOMMENDATION

F.3d at 819, 822, citing Stephens, 464 F.3d at 898.

Petitioner argues that he is actually innocent of the charge of possession of heroin with intent to distribute because the evidence against him was allegedly seized in violation of his 4th Amendment rights and because his defense counsel failed to seek suppression of the allegedly tainted evidence.

Petitioner's "actual innocence" claim is based entirely on the alleged legal insufficiency of the evidence and the alleged inadequacy of his legal representation. In the Ninth Circuit, "actual innocence" means "factual innocence, not mere legal insufficiency." Muth, 676 F.3d at 819, 822, citing Bousley v. United States, 523 U.S. 614, 623 (1998); Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012) (pure legal claims do not create a cognizable actual innocence claim for the purposes of qualifying under the § 2255 escape hatch).

Petitioner has not alleged any new facts or presented any evidence to establish that he is "actually innocent" of the drug possession charge, or that "in light of all the evidence, it is more likely than no that no reasonable juror would have found him guilty beyond a reasonable doubt."

Moreover, in evaluating an actual innocence claim, "the district court is not bound by the rules of admissibility that would govern at trial. Instead, the emphasis on 'actual

4 - FINDINGS AND RECOMMENDATION

innocence' allows the reviewing tribunal to consider the probative force of relevant evidence that was either excluded or unavailable at trial." Schlup v. Delo, 513 U.S. 298, 327-328. Given the facts admitted in petitioner's plea agreement, petitioner has no credible argument that he is factually innocent of possession of heroin with intent to distribute.

Even if petitioner could make a arguable showing of actual innocence, he has not demonstrated that § 2255 is "inadequate or ineffective to test the legality of his detention." Although petitioner's § 2255 motion was denied by the sentencing court, the motion was clearly an "unobstructed procedural shot." The remedy under § 2255 is not ineffective or inadequate just because a prior § 2255 motion was denied, or because a successive petition is procedurally barred. Lorentsen v. Hood, 223 F.3d 950, 953 (99th Cir. 2000).

Based on the foregoing, I find that petitioner has not satisfied either requirement of § 2241 "escape hatch" jurisdiction to challenge his conviction or sentence. Petitioner's Petition (#1) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district

5 - FINDINGS AND RECOMMENDATION

court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).

DATED this ___ day of January, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION